UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLES CURRY and
KENDRA CURRY,

    Plaintiffs,

vs.

WELLS FARGO BANK c/o
OPTION ONE MORTGAGE CORPORATION,

and

AMERICAN HOME MORTGAGE SERVICING, INC.,

and

EXPERIAN INFORMATION SOLUTIONS, INC.,

and

EQUIFAX INFORMATION SERVICES, LLC.

    Defendants.

Civil Action No: 3:08cv623

## **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF AMERICAN HOME MORTGAGE SERVICING, INC.**

### INTRODUCTION

American Home Mortgage Servicing, Inc. ("American") has been named as a party Defendant in this matter which was initiated by Plaintiffs' Complaint filed in this Court on or about September 25, 2008. American was served through its registered agent, CT Corporation, on October 14, 2008. American has filed a Motion to Dismiss pursuant to Federal Rule Of Civil Procedure 12(b)(6) since the Complaint contains no factual allegations which would support any claims against American.

## STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) Motion is to test the sufficiency of a Complaint. It is not to resolve contests surrounding the facts or the merits of the claim or the applicability of defenses. *Schlegel v. Bank of America, NA* 505 F2d 321, 325 (W.D. Va. 2007) See also, *Edwards v. City of Goldsboro* 178 F3d 231, 243-44 (4th Circuit 1999). In considering a Rule 12(b)(6) Motion, a Court must accept all factual allegations contained in the Complaint as true for purposes of the Motion and must draw all reasonable inferences from those factual allegations in favor of the Plaintiff. *Id at 244.*

"Although 'a Complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Schlegel 505 F2d at 325.* (Quoting *Bell Atlantic Corp. v. Twombly* 127 S.Ct. 1955, 1964-65 (2007).* Instead, "factual allegations must be enough to raise a right to relief above the speculative level... on the assumption that all of the allegations in the Complaint are true (even if doubtful in fact.)" *Id at 1965.* A Plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *Jordan v. Alternative Res. Corp 458 F3d 332, 344-345 (4th Circuit 2006).*

## ARGUMENT

**I.     The Complaint fails to allege sufficient facts to state a claim for violation of RESPA against American.**

Plaintiff's Fourth Claim purportedly asserts violations of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §2605, by American in relation to the Plaintiffs' "Third Qualified Written Request." Plaintiffs rely upon the allegations contained in paragraph 76 and its

sub-parts; however, those allegations, even when combined with the allegations of the previous 75 paragraphs, which Plaintiffs incorporated by reference, allege only factual allegations against Option One Mortgage Corporation and do not include factual allegations of conduct by American which could, even inferentially, give rise to any violations of RESPA by American.

For example, paragraph 76(a) alleges a failure to acknowledge receipt of and respond to Plaintiffs' Qualified Written Request of <u>May 28, 2008</u> in the time and manner required by RESPA. Paragraph 52 of the Complaint, though, alleges that "On or about <u>June 11, 2008</u>, Option One advised the Plaintiffs by letter that beginning <u>July 1, 2008</u>, the servicing of their mortgage account would be transferred to Defendant American." It is undisputed, then, that the May 28, 2008 "Third Qualified Written Request" was served on Option One Mortgage Corporation, and that Plaintiffs were subsequently advised that servicing of their loan was being transferred to American, but the Complaint contains no allegations whatsoever that Plaintiffs responded to this notice by effecting service of a Qualified Written Request on American after it assumed its role as mortgage servicing agent on July 1, 2008. Without service of a Qualified Written Request on it, American owed no duties to the Plaintiffs related to the "Third Qualified Written Request" since Plaintiffs failed to follow the requirements of 12 U.S.C. § 2605 related to the making of a Qualified Written Request on American as a servicing agent. *E.G. Parker v. Long Beach Mortgage Company 534 F2d 528 (E.D. Pa 2008)*

II. **The Complaint contains no factual allegations to support its conclusory allegations of violations of FDCPA by American.**

The Complaint's Eighth Claim purports to allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, by American. The Complaint, though, contains no

3

factual allegations of conduct by American to support the various conclusory statements contained in paragraph 94. Instead, the Complaint runs afoul of the Supreme Court's admonition in *Twombly* that "a Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of the cause of action." *Twombly, 127 S.Ct. at 1964-65 (2007)* By their failure to allege factual allegations rather than rely upon mere conclusions and formulaic recitations, Plaintiffs have failed to state a claim of any FDCPA violations by American and the Eighth Claim must be dismissed.

## CONCLUSION

For all of the foregoing reasons, and the reasons contained in the Motion to Dismiss filed contemporaneously herewith, American respectfully moves this Court for an Order dismissing it as a Defendant in this matter.

> Respectfully submitted,
> AMERICAN HOME MORTGAGE
> SERVICING, INC.,
>
> By: /s/
> Glen M. Robertson, Esquire
> Virginia State Bar No. 30161
> Attorney for Defendant American
> Home Mortgage Servicing, Inc.
> WOLCOTT RIVERS GATES
> One Columbus Center, Suite 1100
> Virginia Beach, Virginia 23462
> (757) 497-6633
> Fax: (757) 497-7267
> grobertson@wolriv.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robin A. Abbott, Esquire
Gary L. Abbott, Esquire
Leonard Anthony Bennett, Esquire
Consumer Litigation Associates, PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
*Counsel for Plaintiffs*

By:_____/s/_____
Glen M. Robertson, Esquire
Virginia State Bar No. 30161
Attorney for Defendant American
Home Mortgage Servicing, Inc.
WOLCOTT RIVERS GATES
One Columbus Center, Suite 1100
Virginia Beach, Virginia 23462
(757) 497-6633
Fax: (757) 497-7267
grobertson@wolriv.com