UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLES CURRY and
KENDRA CURRY,

                                            Civil Action No: 3:08cv623

      Plaintiffs,

vs.

WELLS FARGO BANK c/o
OPTION ONE MORTGAGE CORPORATION, et al.,

      Defendants.

## REPLY MEMORANDUM OF DEFENDANT AMERICAN HOME MORTGAGE SERVICING, INC.

Defendant American Home Mortgage Servicing, Inc. ("American"), by counsel, submits this Reply Memorandum in support of its previously filed Motion to Dismiss Pursuant to Rule 12(b)(6) filed herein.

### INTRODUCTION

American filed its Motion to Dismiss pursuant to Rule 12(b)(6) and Memorandum in Support on or about November 3, 2008. In their Memorandum in Opposition thereto, Plaintiffs have gone far afield from the allegations contained in their own Complaint including unpled speculation regarding Defendant American and Plaintiffs' prior servicer, Option One Mortgage Corporation[1]. Additionally, Plaintiffs have substituted finger-pointing regarding "the nationwide mortgage industry meltdown" for sound principles of statutory analysis. Plaintiffs have, though, acknowledged that American's Motion is well taken as to their claim for violation of the Fair Debt Collection Practices

---

[1] They need only to have conducted a "Google" search to have their curiosity satisfied, but the results would not have been as interesting as their speculation.

Act and indicate that they are withdrawing that claim; however, no Consent Order has been submitted which would effect that dismissal.

## ARGUMENT

Plaintiffs' Memorandum in Opposition to the Motion to Dismiss is long on hyperbole but fails to articulate a basis for denying the Motion to Dismiss.

Plaintiffs tacitly acknowledge that their Complaint is inadequate by their attempt to attach a document not included in their Complaint to their Memorandum in Opposition in disregard of the principal that a Rule 12(b)(6) Motion attacks the Complaint on its face and is limited to the allegations contained in the Complaint and not to unpled facts or documents. See, e.g. *Streit v. Bushnell*, 424 F2d 633 (S.D. NY 2006). Plaintiffs' effort to justify the adequacy of their Complaint by resorting to that which is not contained in the Complaint is improper and constitutes an acknowledgment that the Complaint itself is not sufficiently well-pled to survive a Motion to Dismiss.

Furthermore, Plaintiffs' attempt to justify this effort to have the Court consider materials beyond their Complaint by referring to the well-settled principal that "in resolving a question of jurisdiction, the Court may consider materials beyond the pleadings." *Plaintiffs' Memorandum p. 2* (quoting *Erby v. United States of America*, 424 F2d 180, 183 (D.D.C. 2006). Of course, American has not filed a Motion to Dismiss for lack of jurisdiction under Rules 12(b)(1) or 12(b)(2). The Motion before the Court is a Motion to Dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6) and, therefore, Plaintiffs' reliance on *Erby* is misplaced and their attempt to resolve this Motion by introducing matters outside of their Complaint is inappropriate and impermissible.

Beyond the procedural impropriety of Plaintiffs attaching Exhibit 1 to their Memorandum in Opposition, Exhibit 1 does not change the analysis before the Court and has no relevance to this Court's undertaking. The Notice of Transfer submitted as Exhibit 1 to the Memorandum in Opposition is the statutorily-required notice from the transferror servicer of a mortgage loan and the transferee servicer under RESPA. The fact that American complied with its statutory obligations to provide notice that it would be assuming responsibility for servicing Plaintiffs' mortgage loan on July 1, 2008 has no bearing on whether Plaintiffs complied with the requirement that they serve American with a Qualified Written Request in order to trigger RESPA liability in American.

There are simply no allegations whatsoever in the Complaint that these Plaintiffs served this Defendant with a Qualified Written Request as categorically required by 12 USC §2605(e)(1) and §2605(e)(2). In construing the statute, the Court is obligated to give the words of the statute their customary meaning. See, e.g., *Chris v. Tenet, 57 F2d 330, 334 (E.D. Va 1999)* With this in mind, it is abundantly clear that RESPA's provisions that "if any servicer of a federally related mortgage loan receives a Qualified Written Request *from the borrower* (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period" and "not later than 60 days (excluding legal public holidays, Saturday, and Sundays) *after the receipt from any borrower* of any Qualified Written Request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower" must be given their ordinary meaning which requires *the borrower* to provide the servicer he seeks to hold liable with the Qualified Written Request. To construe these provisions as merely requiring that the Defendant servicer somehow come into

3

possession of such a request from whatever source at whatever time runs afoul of the plain meaning of the statute.

It is exactly this issue that was addressed by Judge Munley and Judge Sanchez in *Griffin v. Citifinancial Mortgage Company, Inc., 2006 WL 266, 106 (M.D. Pa)* and *Parker v. Long Beach Mortgage Company, 534 F2d 528 (E.D. Pa 2008)*. In both of these cases, the Courts refused to hold RESPA defendants liable where the Complaints filed against them did not plead that the Plaintiffs had served the Defendant themselves with a copy of a Qualified Written Request. In *Griffin*, the Court rejected the Plaintiff's contention that sending such a request to the servicer's bankruptcy counsel was adequate substitution for compliance with RESPA's express requirement that the borrower send the request to the servicer itself and in *Parker* the Court noted that the defendant in question was "never properly identified or served" with the required Qualified Written Request.

In their Memorandum, Plaintiffs argue that, as long as their request made its way to American by any means or method, no matter how indirect, they have complied with their obligations under RESPA to trigger liability in American. *Plaintiff's Memorandum, p.3*. They acknowledge in their Complaint, and in their Memorandum, that their Qualified Written Requests were served on their prior servicing agent, Option One Mortgage Corporation, prior to American becoming their servicing agent on July 1, 2008 and make no allegations that they ever attempted to serve American after receiving the notice that their servicing was being transferred to American. *Complaint, ¶48; Plaintiff's Memorandum, p.3*.

Plaintiffs offer no explanation as to how RESPA's timetables would be applied to a transferee servicer if there was no requirement that they serve it with a Qualified Written Request but, rather, rely on having sent such a request to a previous entity servicing their loan. If the Plaintiffs

4

are allowed to ignore the requirement that they serve American with their Qualified Written Request and rely on their prior service of Option One, when would American's deadline to acknowledge receipt of such a request expire? The Request in question was sent to Option One on May 29, 2008 and, therefore, the 20-day deadline for acknowledgment ran <u>before</u> American even began servicing the Plaintiffs' mortgage loan. If Plaintiffs' view that service on the prior entity is sufficient to establish liability against American is accepted, when would American's 60-day deadline for responding to the Request run? If the RESPA drafters intended the lax service requirements advocated by the Plaintiffs herein, certainly they would have addressed when these deadlines would run as to a subsequent servicer to whom Plaintiffs never addressed a Qualified Written Request. The absence of any such provisions in either the statute or the regulations --- along with the clear language employed in the statutes requiring borrowers to send the Request to any servicer upon whom they are attempting to impose these obligations --- makes clear that the Plaintiffs' argument lacks merit.

Rather than addressing the language of the statute or the fundamental unfairness inherent in their suggested construction of the statute, Plaintiffs ask the Court to create a rule out of whole cloth by which American's attempt to respond to the Request after it made its way through the channels from Option One to American, creates a legal obligation upon it when no such obligation otherwise exists. Plaintiffs have cited no authority either within the statute or in case law for this novel approach that American has somehow lost its right to require Plaintiffs to serve it with a Qualified Written Request --- and the due process contained in the statute controlling its obligations and the timetables for those obligations --- and that it instead should be punished for a voluntary response provided to its new customer. Indeed, the *Griffin* defendant's response did not relieve the Plaintiffs

from their service obligation and Plaintiffs offer no reason why they should be treated differently.

In short, Plaintiffs' assertion that American ultimately receiving the Qualified Written Request they made on Option One creates "the responsibility to respond which originally lay with Option One" is based on no statutory or decisional authority and flies in the face of both.

## CONCLUSION

For the reasons stated herein and for the reasons contained in the Motion to Dismiss and the Memorandum in Support thereof filed previously herein, American Home Mortgage Servicing, Inc., respectfully moves this Court for an Order dismissing it from this matter with prejudice.

Respectfully submitted,
AMERICAN HOME MORTGAGE
SERVICING, INC.,

By:\_\_\_\_\_/s/_____
Glen M. Robertson, Esquire
Virginia State Bar No. 30161
Attorney for Defendant American
Home Mortgage Servicing, Inc.
WOLCOTT RIVERS GATES
One Columbus Center, Suite 1100
Virginia Beach, Virginia 23462
(757) 497-6633
Fax: (757) 497-7267
grobertson@wolriv.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robin A. Abbott, Esquire
Gary L. Abbott, Esquire
Leonard Anthony Bennett, Esquire
Consumer Litigation Associates, PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
*Counsel for Plaintiffs*

By: /s/
Glen M. Robertson, Esquire
Virginia State Bar No. 30161
Attorney for Defendant American
Home Mortgage Servicing, Inc.
WOLCOTT RIVERS GATES
One Columbus Center, Suite 1100
Virginia Beach, Virginia 23462
(757) 497-6633
Fax: (757) 497-7267
grobertson@wolriv.com