UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHARLES CURRY** and
**KENDRA CURRY**,

        Plaintiffs,

Civil Action No: 3:08cv623

vs.

**WELLS FARGO BANK,** et al.

        Defendants.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF AMERICAN HOME MORTGAGE SERVICING, INC.

### INTRODUCTION

American Home Mortgage Servicing, Inc. ("American") has been named as a party Defendant in this matter which was initiated by Plaintiffs' Complaint filed in this Court on or about September 25, 2008. American was served through its registered agent, CT Corporation, on October 14, 2008. American filed a Motion to Dismiss pursuant to Federal Rule Of Civil Procedure 12(b)(6) since the Complaint contained no factual allegations which would support any claims against American. Subsequent to the filing of that Motion to Dismiss, on or about December 22, 2008, Plaintiffs filed their Motion to File First Amended Complaint and proposed First Amended Complaint which withdrew Count Eight against American for allegedly violating the Fair Debt Collections Practices Act. On or about January 5, 2009, the Court entered a Consent Order permitting Plaintiffs to file their First Amended Complaint and on or about January 12, 2009, the Court entered an Order on a Joint Consent Motion for extension of time permitting the

1

Defendants herein to file responsive pleadings on or before January 22, 2009. In response to the First Amended Complaint, American has filed a second Motion to Dismiss pursuant to Rule 12(b)(6) since the First Amended Complaint also contains no factual allegations which would support any claims against American.

## STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) Motion is to test the sufficiency of a Complaint. It is not to resolve contests surrounding the facts or the merits of the claim or the applicability of defenses. *Schlegel v. Bank of America, NA* 505 F2d 321, 325 (W.D. Va. 2007) See also, *Edwards v. City of Goldsboro* 178 F3d 231, 243-44 (4th Circuit 1999). In considering a Rule 12(b)(6) Motion, a Court must accept all factual allegations contained in the Complaint as true for purposes of the Motion and must draw all reasonable inferences from those factual allegations in favor of the Plaintiff. *Id at 244*.

"Although 'a Complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Schlegel* 505 F2d at 325. (Quoting *Bell Atlantic Corp. v. Twombly* 127 S.Ct. 1955, 1964-65 (2007). Instead, "factual allegations must be enough to raise a right to relief above the speculative level... on the assumption that all of the allegations in the Complaint are true (even if doubtful in fact.)" *Id at 1965*. A Plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *Jordan v. Alternative Res. Corp* 458 F3d 332, 344-345 (4th Circuit 2006).

ARGUMENT

I.  **The First Amended Complaint fails to allege sufficient facts to state a claim for violation of RESPA against American.**

Plaintiffs' Fourth Claim purportedly asserts violations of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §2605, by American in relation to the Plaintiffs' "Third Qualified Written Request." Plaintiffs rely upon the allegations contained in paragraph 76 and its sub-parts; however, those allegations, even when combined with the allegations of the previous 75 paragraphs, which Plaintiffs incorporated by reference, allege only factual allegations against Option One Mortgage Corporation and do not include factual allegations of conduct by American which could, even inferentially, give rise to any violations of RESPA by American.

For example, paragraph 76(a) alleges a failure to acknowledge receipt of and respond to Plaintiffs' Qualified Written Request of May 28, 2008 in the time and manner required by RESPA. Paragraph 52 of the First Amended Complaint, though, alleges that "On or about June 11, 2008, Option One advised the Plaintiffs by letter that beginning July 1, 2008, the servicing of their mortgage account would be transferred to Defendant American." It is undisputed, then, that the May 28, 2008 "Third Qualified Written Request" was served on Option One Mortgage Corporation, and that Plaintiffs were subsequently advised that servicing of their loan was being transferred to American, but the First Amended Complaint contains no allegations whatsoever that Plaintiffs responded to this notice by effecting service of a Qualified Written Request on American after it assumed its role as mortgage servicing agent on July 1, 2008. Without service of a Qualified Written Request on it, American owed no duties to the Plaintiffs related to the "Third Qualified Written Request" since Plaintiffs failed to follow the requirements of 12 U.S.C. § 2605 related to the making of a Qualified Written Request on American as a servicing agent. *E.G.*

3

*Parker v. Long Beach Mortgage Company* 534 F2d 528 (E.D. Pa 2008)

**II.     The First Amended Complaint contains no factual allegations to support its Ninth Claim for defamation against American.**

The First Amended Complaint's Ninth Claim purports to allege a common law claim for defamation against "Option One and/or American."   This cause of action is said to be based upon a false representation to credit reporting agencies Equifax, Experian and TransUnion "and through them to all potential lenders on multiple occasions, including, but not limited to the Option One and/or American response to Equifax and Experian published and alleged herein.   First Amended Complaint Paragraph 98.

The Ninth Claim incorporates Paragraphs 1-96 which includes the entire "Facts" section contained in Paragraphs 8-92 of the Pleading.   The pertinent allegations are those contained in Paragraphs 50 and 51.   Paragraph 50 alleges that Plaintiffs obtained copies of their Equifax, Experian and TransUnion credit reports on or about June 6, 2008 and that each of these reporting agencies reported that the Plaintiffs had a derogatory payment history that reflected late payments on the "Option One account (the 'Option One Representation')."   Paragraph 51 then alleges that the "Option One Representation was false and inaccurate in that Plaintiffs were disputing the amount owed on the account and Option One was not allowed to report derogatorily during the qualified Written Request investigation and response time period."

As discussed previously herein, Paragraph 52 of the First Amended Complaint acknowledges that Plaintiffs received a letter from Option One Mortgage Corporation on or about June 11, 2008 which advised that American would take over servicing of their mortgage account beginning July 1, 2008.   It is abundantly clear, then, on the face of the First Amended Complaint, that American is not alleged to have had any role in servicing Plaintiffs' mortgage account prior to

4

July 1, 2008 including, without limitation, making any reports to Equifax, Experian or TransUnion regarding the status of Plaintiffs' payment history.

Indeed, the allegation of Paragraphs 55-58 of the First Amended Complaint all allege solely that Defendant Option One Mortgage Corporation made what the Plaintiffs allege was an inaccurate and defamatory reporting concerning their credit history and that Equifax, Experian and TransUnion failed to take proper measures to investigate and/or correct such allegedly erroneous reports. There are <u>no</u> allegations related to American making any such representations or that any were made after American began servicing the account on July 1, 2008.

In the absence of any factual allegations in the First Amended Complaint regarding false representations made by American to Equifax, Experian, TransUnion or anyone else regarding the Plaintiffs' payment history, the Ninth Claim for defamation must be dismissed as to American. Plaintiffs' vague and general allegation of Paragraph 98 that "Option One and/or American published the false representation to Equifax, Experian and TransUnion and through them to all the Plaintiffs' potential lenders on multiple occasions, including but not limited to the Option One and/or American response to Equifax and Experian published and alleged herein (the 'Defamation')" cannot overcome the very specific allegations referenced previously in this Memorandum that are directed solely at Option One or the lack of any other allegations concerning American making any representations to any of these Defendants regarding the Plaintiffs' payment history. Instead, the Plaintiffs' attempt in Paragraph 98 to rely upon their conclusions and formulaic recitations of a common law claim of defamation without alleging any factual support and as such, the First Amended Complaint fails to state a valid claim. *Twombly, 127 S.Ct. at 1964-65 (2007).*

5

CONCLUSION

For all of the foregoing reasons, and the reasons contained in the Motion to Dismiss filed contemporaneously herewith, American respectfully moves this Court for an Order dismissing it as a Defendant in this matter.

Respectfully submitted,
AMERICAN HOME MORTGAGE
SERVICING, INC.,


By: _____/s/_____
Glen M. Robertson, Esquire
Virginia State Bar No.   30161
Attorney for Defendant American
Home Mortgage Servicing, Inc.
WOLCOTT RIVERS GATES
One Columbus Center, Suite 1100
Virginia Beach, Virginia 23462
(757) 497-6633
Fax: (757) 497-7267
grobertson@wolriv.com


**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robin A. Abbott, Esq.
Gary L. Abbott, Esq.
Leonard Anthony Bennett, Esq.
Consumer Litigation Associates, PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
*Counsel for Plaintiffs*

Jason M. Krumbein, Esq.
Krumbein Consumer Legal Services
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
*Counsel for Plaintiffs*

John W. Montgomery, Jr., Esq.
Montgomery & Simpson, LLLP
2116 Dabney Rd. Suite A-1
Richmond, VA 23230
*Counsel for Defendant, Equifax Information Services, LLC*

David N. Anthony, Esq.
Michael E. Lacy, Esq.
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
*Counsel for Experian Information Solutions, Inc.*

Travis A. Sabalewski, Esq.
Reed Smith, LLP
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219
*Counsel for Option One Mortgage Corporation*

/s/
Glen M. Robertson, Esquire
Virginia State Bar No.   30161
Attorney for Defendant Wells Fargo Bank
WOLCOTT RIVERS GATES
One Columbus Center, Suite 1100
Virginia Beach, Virginia 23462
(757) 497-6633
Fax: (757) 497-7267
grobertson@wolriv.com