UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLES CURRY and
KENDRA CURRY,

        Plaintiffs,

vs.

WELLS FARGO BANK, et. al,

        Defendants.

Civil Action No: 3:08cv623

## WELL FARGO BANK'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant Wells Fargo Bank ("Wells Fargo") does hereby submit the following as its Answer to the First Amended Complaint filed against it herein:

Wells Fargo denies, generally and specifically, any and all allegations in the First Amended Complaint which are not expressly admitted herein. Wells Fargo further states that it lacks knowledge or information specific to form a belief as to the truth or falsity of Plaintiffs' allegations as they relate to other Defendants and, therefore, does deny those allegations.

1. Wells Fargo admits Plaintiffs have brought claims against these Defendants which Plaintiffs allege arise pursuant to the Real Estate Settlement Procedures Act ("RESPA"), the Fair Credit Reporting Act ("FCRA") and a pendent state law claim of Defamation. Wells Fargo expressly avers that these are legal conclusions which are not subject to denial or admission and, further, denies that it is liable to Plaintiffs for the relief requested under RESPA, FCRA, Defamation or any other cause of action, or for

1

any relief whatsoever.

2. Wells Fargo admits that Plaintiffs have alleged jurisdiction pursuant to 12 USC §2614; 15 USC §1681(b), 28 USC §1367 and 28 USC §1391. Wells Fargo avers that these are legal conclusions which are not subject to denial or admission.

3. Wells Fargo admits that the Plaintiffs are natural persons and avers that whether Plaintiffs are "consumers" as defined by RESPA or FCRA is a legal conclusion which is not subject to denial or admission.

4. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 4 of the First Amended Complaint and they are, therefore, denied.

4(a) Wells Fargo admits the allegations contained in paragraph 4(a) of the First Amended Complaint that it is the holder of the mortgage note secured by the property at issue in this action and, at various times, the subject loan has been serviced by Defendant Option One Mortgage Corporation ("Option One") and at other times by Defendant American Home Servicing, Inc. ("American").

5. Wells Fargo lacks sufficient information to either admit to deny the allegations contained in paragraph 5 of the First Amended Complaint and they are, therefore, denied.

6. Wells Fargo lacks sufficient information to either admit to deny the allegations contained in paragraph 6 of the First Amended Complaint and they are, therefore, denied.

7. Wells Fargo lacks sufficient information to either admit to deny the allegations contained in paragraph 7 of the First Amended Complaint and they are, therefore,

denied.

8. Wells Fargo admits the allegations contained in paragraph 8 of the First Amended Complaint.

9. Wells Fargo admits the allegations contained in paragraph 9 of the First Amended Complaint.

9(a) Wells Fargo admits the allegations contained in paragraph 9(a) of the First Amended Complaint.

10. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 10 of the First Amended Complaint and they are, therefore, denied. Wells Fargo expressly avers that, as Plaintiffs have alleged in their First Amended Complaint, servicing of Plaintiffs' loan was undertaken by Defendants Option One and American and Wells Fargo did not service Plaintiffs' mortgage loan.

11. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 11 of the First Amended Complaint and they are, therefore, denied. Wells Fargo expressly avers that, as Plaintiffs have alleged in their First Amended Complaint, servicing of Plaintiffs' loan was undertaken by Defendants Option One and American and Wells Fargo did not service Plaintiffs' mortgage loan. Wells Fargo further avers that Plaintiffs had no mortgage loan "with" Defendant Option One as of May 2005 in that the assignment of Plaintiffs mortgage loan to Wells Fargo preceded that date.

12. Wells Fargo admits the allegations in paragraph 12 that Plaintiffs filed a Chapter 13 Bankruptcy Petition and that the subject loan was included in that bankruptcy filing. Wells Fargo expressly avers that Plaintiffs had no loan "with" Defendant Option One

as of the date of the bankruptcy filing since the loan had been assigned to Wells Fargo prior to that date.

13. Wells Fargo expressly avers that Defendant Option One serviced Plaintiffs' loan held by Wells Fargo at the time of Plaintiffs' bankruptcy filing and, therefore, Wells Fargo lacks sufficient information to either admit or deny the specific sum alleged to be in arrears at such time as alleged in paragraph 13 of the First Amended Complaint.

14. Wells Fargo expressly avers that Defendant Option One serviced Plaintiffs' loan held by Wells Fargo at the time of Plaintiffs' bankruptcy filing and, therefore, Wells Fargo lacks sufficient information to either admit or deny the specific sum alleged to be in arrears at such time as alleged in paragraph 14 of the First Amended Complaint. Wells Fargo admits that Plaintiffs were to make monthly mortgage payment of $679.42 as alleged in paragraph 14.

15. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 15, but notes that it is Wells Fargo's understanding through its servicing agents that the bankruptcy trustee has not made the pre-petition payments alleged in paragraph 15.

16. Since Defendant Option One provided servicing for Plaintiffs' loan as of the date alleged in paragraph 16 of the First Amended Complaint, Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 16. It is Wells Fargo's understanding, though, Plaintiffs were repeatedly in arrears on their post-petition mortgage payments to Wells Fargo's servicing agent on their loan.

17. Since Defendant Option One provided servicing for Plaintiffs' loan as of the date alleged in paragraph 17 of the First Amended Complaint, Wells Fargo lacks sufficient

information to either admit or deny the allegations contained in paragraph 17.  It is Wells Fargo's understanding, though, Plaintiffs were repeatedly in arrears on their post-petition mortgage payments to Wells Fargo's servicing agent on their loan.

18. Since Defendant Option One provided servicing for Plaintiffs' loan as of the date alleged in paragraph 18 of the First Amended Complaint, Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 18.  It is Wells Fargo's understanding, though, Plaintiffs were repeatedly in arrears on their post-petition mortgage payments to Wells Fargo's servicing agent on their loan.

19. Since Defendant Option One provided servicing for Plaintiffs' loan as of the date alleged in paragraph 19 of the First Amended Complaint, Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 19.  It is Wells Fargo's understanding, though, Plaintiffs were repeatedly in arrears on their post-petition mortgage payments to Wells Fargo's servicing agent on their loan.

20.  Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 20 of the First Amended Complaint and they are, therefore, denied.

21. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 21 of the First Amended Complaint and they are, therefore, denied.

22. Wells Fargo denies the allegations in paragraph 22 that it scheduled a foreclosure of Plaintiffs' home and expressly avers that Plaintiffs' loan was serviced by Defendant Option One on the date alleged in paragraph 22.

23. Wells Fargo lacks sufficient information to either admit or deny the allegations

contained in paragraph 23 of the First Amended Complaint and they are, therefore, denied.

24. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 24 of the First Amended Complaint and they are, therefore, denied.

25. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 25 of the First Amended Complaint and they are, therefore, denied.

26. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 26 of the First Amended Complaint and they are, therefore, denied.

27. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 27 of the First Amended Complaint and they are, therefore, denied.

28. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 28 of the First Amended Complaint and they are, therefore, denied.

29. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 29 of the First Amended Complaint and they are, therefore, denied.

30. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 30 of the First Amended Complaint and they are, therefore, denied.

31. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 31 of the First Amended Complaint and they are, therefore, denied.

32. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 32 of the First Amended Complaint and they are, therefore, denied.

33. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 33 of the First Amended Complaint and they are, therefore, denied.

34. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 34 of the First Amended Complaint and they are, therefore, denied.

35. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 35 of the First Amended Complaint and they are, therefore, denied.

36. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 36 of the First Amended Complaint and they are, therefore, denied.

37. Wells Fargo denies the allegations contained in paragraph 37 of the First Amended Complaint that the December 3, 2007 Notice of Default filed in its name by its servicing agent, Option One, contained any erroneous claims against the Plaintiffs.

38. Wells Fargo lacks sufficient information to either admit or deny the allegations

contained in paragraph 38 of the First Amended Complaint and they are, therefore, denied.

39. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 39 of the First Amended Complaint and they are, therefore, denied.

40. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 40 of the First Amended Complaint and they are, therefore, denied.

41. Wells Fargo denies the allegations contained in paragraph 41 of the First Amended Complaint that Plaintiffs sent Wells Fargo a Qualified Written Request and expressly avers that, if any such requests were sent they would have been sent to Option One as servicing agent of Plaintiffs' mortgage loan. Wells Fargo lacks sufficient information to either admit or deny the remaining allegations contained in paragraph 41 and they are, therefore, denied.

42. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 42 of the First Amended Complaint and they are, therefore, denied.

43. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 43 of the First Amended Complaint and they are, therefore, denied.

43(a) Wells Fargo denies the allegations contained in paragraph 43(a) of the First Amended Complaint and expressly avers that Plaintiffs did not serve it with a Qualified

Written Request.

44. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 44 of the First Amended Complaint and they are, therefore, denied.

45. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 45 of the First Amended Complaint and they are, therefore, denied.

46. Wells Fargo admits the allegations contained in paragraph 46 of the First Amended Complaint.

47. The allegations of paragraph 47 of the First Amended Complaint do not relate to Wells Fargo but, rather, to Defendant Option One; however, Wells Fargo is aware of the Order referenced in paragraph 47 and that Order speaks for itself.

48. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 48 of the First Amended Complaint and they are, therefore, denied.

49. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 49 of the First Amended Complaint and they are, therefore, denied.

50. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 50 of the First Amended Complaint and they are, therefore, denied.

51. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 51 of the First Amended Complaint and they are, therefore,

denied.

51(a) Wells Fargo lacks sufficient information to either admit or deny what information was provided to Equifax, Experian, and TransUnion credit reporting services by Option One as alleged in the First Amended Complaint but expressly avers that Wells Fargo made no reports to these agencies and, therefore, would not have undertaken to remove any information from Plaintiffs' credit report.

52. The allegations of paragraph 52 of the First Amended Complaint do not relate to Wells Fargo; however, Wells Fargo is aware that Defendant Option One provided Plaintiffs with such notice that the servicing of Plaintiffs' loan was being transferred to Defendant American as of July 1, 2008.

53. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 53 of the First Amended Complaint and they are, therefore, denied.

54. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 54 of the First Amended Complaint and they are, therefore, denied.

55. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 55 of the First Amended Complaint and they are, therefore, denied.

56. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 56 of the First Amended Complaint and they are, therefore, denied.

57. Wells Fargo lacks sufficient information to either admit or deny the allegations

contained in paragraph 57 of the First Amended Complaint and they are, therefore, denied.

58. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 58 of the First Amended Complaint and they are, therefore, denied.

59. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 59 of the First Amended Complaint and they are, therefore, denied.

60. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 60 of the First Amended Complaint and they are, therefore, denied.

61. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 61 of the First Amended Complaint and they are, therefore, denied.

62. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 62 of the First Amended Complaint and they are, therefore, denied.

63. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 63 of the First Amended Complaint and they are, therefore, denied.

64. Wells Fargo incorporates herein by reference its responses to paragraphs 1-63 as if fully restated herein.

65. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 65 of the First Amended Complaint and they are, therefore, denied.

66. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 66 of the First Amended Complaint and they are, therefore, denied.

67. Wells Fargo incorporates herein by reference its responses to paragraphs 1-66 as if fully restated herein.

68. Wells Fargo expressly avers that Defendant Option One provided servicing of the Plaintiffs' subject mortgage loan and that loan was not serviced by Wells Fargo. Wells Fargo further notes that paragraph 68 contains legal conclusions which are not subject to denial or admission but expressly denies that it is liable to the Plaintiffs for the relief sought or any relief whatsoever for the reasons alleged in the First Amended Complaint or any reason whatsoever.

69. Wells Fargo expressly avers that Defendant Option One provided servicing of the Plaintiffs' subject mortgage loan and that loan was not serviced by Wells Fargo. Wells Fargo further notes that paragraph 69 contains legal conclusions which are not subject to denial or admission but expressly denies that it is liable to the Plaintiffs for the relief sought or any relief whatsoever for the reasons alleged in the First Amended Complaint or any reason whatsoever.

70. Wells Fargo incorporates herein by reference its responses to paragraphs 1-69 as if fully restated herein.

71. Wells Fargo lacks sufficient information to either admit or deny the allegations

contained in paragraph 71 of the First Amended Complaint and they are, therefore, denied.

72. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 72 of the First Amended Complaint and they are, therefore, denied.

73. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 73 of the First Amended Complaint and they are, therefore, denied.

74. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 74 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 75 contains legal conclusions which are not subject to denial or admission.

75. Wells Fargo incorporates herein by reference its responses to paragraphs 1-74 as if fully restated herein.

76. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 76 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 75 contains legal conclusions which are not subject to denial or admission.

77. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 77 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 77 contains legal conclusions which are not subject to denial or admission.

78. Wells Fargo incorporates herein by reference its responses to paragraphs 1-77 as if

fully restated herein.

79. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 79 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 79 contains legal conclusions which are not subject to denial or admission.

80. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 80 of the First Amended Complaint and they are, therefore, denied.

81. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 81 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 81 contains legal conclusions which are not subject to denial or admission.

82. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 82 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 82 contains legal conclusions which are not subject to denial or admission.

83. Wells Fargo incorporates herein by reference its responses to paragraphs 1-82 as if fully restated herein.

84. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 84 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 84 contains legal conclusions which are not subject to denial or admission.

85. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 85 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 85 contains legal conclusions which are not subject to denial or admission.

86. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 86 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 86 contains legal conclusions which are not subject to denial or admission.

87. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 87 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 87 contains legal conclusions which are not subject to denial or admission.

88. Wells Fargo incorporates herein by reference its responses to paragraphs 1-87 as if fully restated herein.

89. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 89 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 89 contains legal conclusions which are not subject to denial or admission.

90. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 90 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 90 contains legal conclusions which are not subject to denial or admission.

91. Wells Fargo lacks sufficient information to either admit or deny the allegations

contained in paragraph 91 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 91 contains legal conclusions which are not subject to denial or admission.

92. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 92 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 92 contains legal conclusions which are not subject to denial or admission.

93. The allegations contained in paragraph 93 were deleted from the First Amended Complaint and, therefore, no response is required.

94. The allegations contained in paragraph 94 were deleted from the First Amended Complaint and, therefore, no response is required.

95. The allegations contained in paragraph 95 were deleted from the First Amended Complaint and, therefore, no response is required.

96. The allegations contained in paragraph 96 were deleted from the First Amended Complaint and, therefore, no response is required.

97. Wells Fargo incorporates herein by reference its responses to paragraphs 1-96 as if fully restated herein.

98. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 98 of the First Amended Complaint and they are, therefore, denied. Wells Fargo further notes that paragraph 98 contains legal conclusions which are not subject to denial or admission. Wells Fargo expressly avers that the First Amended Complaint, in paragraphs 50 and 51, alleges only that Option One took the actions alleged and not American.

99. Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 99 of the First Amended Complaint and they are, therefore, denied.   Wells Fargo further notes that paragraph 98 contains legal conclusions which are not subject to denial or admission.   Wells Fargo expressly avers that the First Amended Complaint, in paragraphs 50 and 51, alleges only that Option One took the actions alleged and not American.

100.   Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 100 of the First Amended Complaint and they are, therefore, denied.   Wells Fargo further notes that paragraph 98 contains legal conclusions which are not subject to denial or admission.   Wells Fargo expressly avers that the First Amended Complaint, in paragraphs 50 and 51, alleges only that Option One took the actions alleged and not American.

101.   Wells Fargo lacks sufficient information to either admit or deny the allegations contained in paragraph 101 of the First Amended Complaint and they are, therefore, denied.   Wells Fargo further notes that paragraph 98 contains legal conclusions which are not subject to denial or admission.   Wells Fargo expressly avers that the First Amended Complaint, in paragraphs 50 and 51, alleges only that Option One took the actions alleged and not American.

## AFFIRMATIVE DEFENSES

Wells Fargo hereby sets forth the following affirmative defenses to the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiffs' claims fail to the extent that the First Amended Complaint, and each cause of action contained therein, fails to set forth facts sufficient to state a claim upon which relief may be granted against Wells Fargo and fails to state facts sufficient to entitle Plaintiffs to the relief sought, or any relief whatsoever, from Wells Fargo, for the reason alleged in the First Amended Complaint or any reasons whatsoever.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiffs' claims failed to the extent that they are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages.

**THIRD AFFIRMATIVE DEFENSE**

**(Intervening Superseding Cause)**

Plaintiffs' claims fail to the extent that Plaintiffs allege damages which, Wells Fargo denies, were the results of acts or admissions of third persons over whom Wells Fargo had no control and for whose actions Wells Fargo bears no responsibility

**FOURTH AFFIRMATIVE DEFENSE**

**(Set Off/Recruitment)**

Plaintiffs' claims fail to the extent they are barred or limited in whole or in part in the principal of set off and recruitment for damages or settlement not from others.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiffs cannot recover from Wells Fargo to the extent that some or all of their claims in the First Amended Complaint are barred by the Article of the Statute of Limitations.

**WHERFORE**, Defendant Wells Fargo Bank respectfully moves this Court for an Order

dismissing it as a Defendant in this matter, awarding it its costs and attorney's fees incurred herein and for such other and further relief as this Court deems just.

    Respectfully Submitted,

    WELLS FARGO BANK

By:    /s/
    Glen M. Robertson, Esquire
    Virginia State Bar No. 30161
    Attorney for Defendants Wells Fargo Bank
    WOLCOTT RIVERS GATES
    One Columbus Center, Suite 1100
    Virginia Beach, Virginia 23462
    (757) 497-6633
    Fax: (757) 497-7267

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 26th day of January, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Robin A. Abbott, Esq.
Gary L. Abbott, Esq.
Leonard Anthony Bennett, Esq.
Consumer Litigation Associates, PC
12515 Warwick Blvd., Suite 100
Newport News, VA 23606
*Counsel for Plaintiffs*

Jason M. Krumbein, Esq.
Krumbein Consumer Legal Services
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
*Counsel for Plaintiffs*

John W. Montgomery, Jr., Esq.
Montgomery & Simpson, LLLP
2116 Dabney Rd. Suite A-1
Richmond, VA 23230

*Counsel for Defendant, Equifax Information Services, LLC*

David N. Anthony, Esq.
Michael E. Lacy, Esq.
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
*Counsel for Experian Information Solutions, Inc.*

Travis A. Sabalewski, Esq.
Reed Smith, LLP
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219
*Counsel for Option One Mortgage Corporation*

/s/
Glen M. Robertson, Esquire
Virginia State Bar No.   30161
Attorney for Defendant Wells Fargo Bank
WOLCOTT RIVERS GATES
One Columbus Center, Suite 1100
Virginia Beach, Virginia 23462
(757) 497-6633
Fax: (757) 497-7267
grobertson@wolriv.com