UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHARLES CURRY and
KENDRA CURRY,

      **Plaintiffs,**

v.                                               Civil Action No. 3:08-cv-623

WELLS FARGO BANK c/o
OPTION ONE MORTGAGE CORP., *et al.*

      **Defendants.**

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COMES defendant, Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to Plaintiffs' First Amended Complaint ("First Amended Complaint"), states as follows:

Experian denies, generally and specifically, any and all allegations in the First Amended Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to other Defendants and therefore denies the same. In response to the numbered paragraphs in the First Amended Complaint, Experian states as follows:

## PRELIMINARY STATEMENT

1.    In response to paragraph 1 of the First Amended Complaint, Experian admits that Plaintiffs purport to bring claims against Defendants pursuant to the Real Estate Settlement Procedures Act ("RESPA"), the Federal Fair Credit Reporting Act ("FCRA"), and the common law tort of defamation. Experian states that these are legal conclusions, which are not subject to

denial or admission. Experian denies that it is liable to Plaintiffs for the requested relief under RESPA, FCRA, for defamation or for any relief whatsoever.

## JURISDICTION

2. In response to paragraph 2 of the First Amended Complaint, Experian admits that Plaintiffs have alleged jurisdiction pursuant to 12 U.S.C. § 2614, 15 U.S.C. § 1681(p), and 28 U.S.C. §§ 1367 and 1391. Experian states that these are legal conclusions, which are not subject to denial or admission.

## PARTIES

3. In response to paragraph 3 of the First Amended Complaint, Experian admits that Plaintiffs are natural persons. Whether Plaintiffs are "consumers" as defined by RESPA, 12 U.S.C. § 2601 et seq., FCRA, 15 U.S.C. § 1681 et seq., are legal conclusions, which are not subject to denial or admission.

4. - 5. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 4 – 5 of the First Amended Complaint and therefore denies the same.

6. In response to paragraph 6 of the First Amended Complaint, Experian admits that it is a foreign corporation. Experian admits that it is authorized to do business, and that it does business, in Virginia. Experian admits that it is a "consumer reporting agency" as defined in FCRA, 15 U.S.C. § 1681a(f). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in paragraph 6 of the First Amended Complaint.

7. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 7 of the First Amended Complaint and therefore denies the same.

## FACTUAL ALLEGATIONS

8.- 49. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 8 – 49, including subparts, of the First Amended Complaint and therefore denies the same.

50. Experian admits that it sent plaintiffs a consumer disclosure on or about June 10, 2008. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in paragraph 50 of the First Amended Complaint. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 50 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

51. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 51 of the First Amended Complaint as they relate to Experian and therefore denies the same. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 51 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

52. – 54. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 52 – 54 of the First Amended Complaint and therefore denies the same.

55. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 55 of the First Amended Complaint as they relate to Experian and therefore denies the same. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 55 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

56. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 56 of the First Amended Complaint as they relate to Experian and therefore denies the same. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 56 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

57. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 57 of the First Amended Complaint as they relate to another Defendant and therefore denies the same.

58. Experian denies the allegations contained in paragraph 58 of the First Amended Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 58 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

59. Experian denies the allegations contained in paragraph 59 of the First Amended Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 59 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

60. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 60 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

61. – 63. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 61 – 63 of the First Amended Complaint and therefore denies the same.

## FIRST CLAIM – VIOLATION OF RESPA
### (as to Option One re first Qualified Written Request)

64. Experian incorporates its responses to the allegations contained in paragraphs 1 – 63 as if fully set forth herein.

65. - 66. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 65 – 66, including all sub-paragraphs, of the First Amended Complaint and therefore denies the same.

## SECOND CLAIM – VIOLATION OF RESPA
### (as to Option One re second Qualified Written Request)

67. Experian incorporates its responses to the allegations contained in paragraphs 1 – 67 as if fully set forth herein.

68. - 69. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 68 – 69, including all sub-paragraphs, of the First Amended Complaint and therefore denies the same.

## THIRD CLAIM – VIOLATION OF RESPA
### (as to Option One only)

70. Experian incorporates its responses to the allegations contained in paragraphs 1 – 69 as if fully set forth herein.

71. - 74. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 71 – 74, including all sub-paragraphs, of the First Amended Complaint and therefore denies the same.

## FOURTH CLAIM – VIOLATION OF RESPA
### (as to Option One re the third Qualified Written Request)

75. Experian incorporates its responses to the allegations contained in paragraphs 1 – 74 as if fully set forth herein.

76. - 77. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 76 – 77, including all sub-paragraphs, of the First Amended Complaint and therefore denies the same.

### FIFTH CLAIM – VIOLATION OF FCRA
### (as to Option One)

78. Experian incorporates its responses to the allegations contained in paragraphs 1 – 77 as if fully set forth herein.

79. - 82. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 79 – 82, including all sub-paragraphs, of the First Amended Complaint and therefore denies the same.

### SIXTH CLAIM – VIOLATION OF FCRA
### (as to Experian and Equifax)

83. Experian incorporates its responses to the allegations contained in paragraphs 1 – 82 as if fully set forth herein.

84. Experian denies that it violated 15 U.S.C. § 1681e(b), as alleged in paragraph 84 of the First Amended Complaint. Experian further denies the remaining allegations in paragraph 84 of the First Amended Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 84 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

85. Experian denies that its conduct, action or inaction has harmed Plaintiffs, as alleged in paragraph 85 of the First Amended Complaint. Experian further denies the remaining allegations in paragraph 85 of the First Amended Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the

allegations in paragraph 85 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

86. Experian denies that its conduct, action or inaction has harmed Plaintiffs either willfully, negligently, or otherwise, as alleged in paragraph 86 of the First Amended Complaint. Experian further denies that it is liable to Plaintiffs for actual, statutory or punitive damages, or for any damages whatsoever, as alleged in paragraph 86 of the First Amended Complaint. Experian further denies the remaining allegations in paragraph 86 of the First Amended Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 86 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

87. Experian denies that Plaintiffs are entitled to recover costs or attorney's fees, as alleged in paragraph 87 of the First Amended Complaint. Experian further denies the remaining allegations in paragraph 87 of the First Amended Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 87 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

### SEVENTH CLAIM – VIOLATION OF FCRA
**(as to Experian and Equifax)**

88. Experian incorporates its responses to the allegations contained in paragraphs 1 – 87 as if fully set forth herein.

89. Experian denies that it violated 15 U.S.C. § 1681i, as alleged in paragraph 89 of the First Amended Complaint. Experian further denies the remaining allegations in paragraph 89 of the First Amended Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 89

of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

90. Experian denies that its conduct, action or inaction has harmed Plaintiffs, as alleged in paragraph 90 of the First Amended Complaint. Experian further denies the remaining allegations in paragraph 90 of the First Amended Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 90 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

91. Experian denies that its conduct, action or inaction has harmed Plaintiffs either willfully, negligently, or otherwise, as alleged in paragraph 91 of the First Amended Complaint. Experian further denies that it is liable to Plaintiffs for actual, statutory or punitive damages, or for any damages whatsoever, as alleged in paragraph 91 of the First Amended Complaint. Experian further denies the remaining allegations in paragraph 91 of the First Amended Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 91 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

92. Experian denies that Plaintiffs are entitled to recover costs or attorney's fees, as alleged in paragraph 92 of the First Amended Complaint. Experian further denies the remaining allegations in paragraph 92 of the First Amended Complaint as they relate to Experian. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 92 of the First Amended Complaint as they relate to other Defendants and therefore denies the same.

## EIGHTH CLAIM – VIOLATION OF FDCPA
### (as to American)

93. – 96. Deleted by Plaintiffs. No response is required.

## NINTH CLAIM – DEFAMATION
### (as to Option One and American)

97. Experian incorporates its responses to the allegations contained in paragraphs 1 – 96 as if fully set forth herein.

98. – 101. Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 98. – 101 of the First Amended Complaint and therefore denies the same.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

Plaintiffs' claims fail to the extent that the First Amended Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy Of Information)

Plaintiffs' claims fail to the extent that they are barred because all information Experian communicated to any third person regarding Plaintiffs was true.

### THIRD AFFIRMATIVE DEFENSE
**(Compliance/Good Faith)**

Plaintiffs' claims fail to the extent that, at all relevant times with respect to Plaintiffs, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

### FOURTH AFFIRMATIVE DEFENSE
**(Failure To Mitigate Damages)**

Plaintiffs' claims fail to the extent that they are barred, in whole or in part, because Plaintiffs have failed to mitigate their damages.

### FIFTH AFFIRMATIVE DEFENSE
**(Intervening Superseding Cause)**

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

### SIXTH AFFIRMATIVE DEFENSE
**(Proximate Cause)**

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages were the direct and proximate result of the conduct of Plaintiffs or others.

### SEVENTH AFFIRMATIVE DEFENSE
**(Contributory Negligence)**

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages were, at least in part, caused by the actions of Plaintiffs themselves and resulted from Plaintiffs' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### EIGHTH AFFIRMATIVE DEFENSE
**(Set-Off/Recoupment)**

Plaintiffs' claims fail to the extent that they are barred or limited, in whole or in part, under the principle of set-off and recoupment for damages or settlement amount from others.

## NINTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiffs' claim for punitive damages fails to the extent that the First Amended Complaint fails to state a claim for relief for punitive damages. Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

## TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Some or all of Plaintiffs' claims for relief in the First Amended Complaint are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiffs takes nothing by virtue of the First Amended Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

By /s/
David N. Anthony
Virginia State Bar No. 31696
Michael E. Lacy, Esq.
Virginia State Bar No. 48477
*Attorney for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone No.: (804) 697-5410
Facsimile No.: (804) 698-5118
Email: david.anthony@troutmansanders.com
michael.lacy@troutmansanders.com

Joseph W. Clark
Virginia State Bar No. 42664
*Attorney for Experian Information Solutions, Inc.*
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
E-mail: jwclark@jonesday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of February, 2009, I electronically filed the foregoing Motion for an Extension of Time with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett, Esq.
Robin A. Abbott, Esq.
Gary L. Abbott, Esq.
Consumer Litigation Associates PC
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
757-930-3660
Fax: 757-930-3662
Email: lenbennett@cox.net
      rabbottlaw@msn.com
      garyabbott9@msn.com
*Counsel for Plaintiffs, Charles Curry and Kendra Curry*

Glen M. Robertson, Esq.
Wolcott Rivers Gates
One Columbus Center, Suite 1100
Virginia Beach, VA 23462
(757) 497-6633
Fax: (757) 497-7267
Email: grobertson@wolriv.com
*Counsel for Defendant, American Home Mortgage Servicing, Inc.*

Travis A. Sabalewski, Esq.
Reed Smith LLP
901 E Byrd Street, Suite 1700
Richmond, VA 23219-4069
(804) 344-3400
Email: tsabalewski@reedsmith.com
*Counsel for Option One Mortgage Corporation n/k/a Sand Canyon Corporation*

          /s/
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone No.: (804) 697-5410
Facsimile No.: (804) 698-5118
Email: david.anthony@troutmansanders.com