UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHARLES CURRY** and
**KENDRA CURRY**,

    Plaintiffs,

v.                                                    Civil Action No. 3:08cv623

**WELLS FARGO BANK**, et al,

    Defendants.

**MEMORANDUM IN OPPOSITION TO DEFENDANT AMERICAN HOME
MORTGAGE SERVICING, INC.'S, MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT**

The Plaintiffs, CHARLES CURRY and KENDRA CURRY, by counsel, submit the following Memorandum in Opposition to Defendant American Home Mortgage Servicing, Inc.'s, ("American") Motion to Dismiss Plaintiffs' First Amended Complaint.

## I.    INTRODUCTION

This case arises out of the misapplication of Plaintiffs' mortgage payments by the mortgage loan servicer, initially by Wells Fargo c/o Option One Mortgage Corporation ("Option One") as the servicer and later under the new name American, caused by poor bookkeeping by that servicer and by the indefensible practice of that servicer of not timely crediting payments to the Plaintiffs' loan when those payments were received. Since August 2005, the Plaintiffs have been subjected to an alternating series of claims of arrearages, attempted foreclosures, agreements made and paid by the Plaintiffs, failures to credit payments and waived fees, and refusals to accept payment by Option One and its new guise as the Defendant American. The practices of Wells Fargo, Option One, American and other mortgage lenders and loan servicers have resulted in the nationwide mortgage industry meltdown which the United States

government is painfully trying to remedy with billions of dollars worth of new financial programs and which the law enforcement agencies of the government have under investigation. Defendant American stepped directly into the shoes of the now defunct Option One, using the same account number for payments by the Plaintiffs, completing responses to a qualified written request made to Option One, and engaging in the same rejection of payment policies as Option One. Plaintiffs have made proper and adequate allegations of fact and claims against American such as to warrant denial of its motion to dismiss.

## II. Standard of Review

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "the Court must accept the facts pleaded by the plaintiff as true, and view all allegations in a light most favorable to the non-moving party." Elamon v. Red Robin Intern., Inc., Slip Copy, 2006 WL 2850644 (E.D.Va., 2006). "In general, the motion [to dismiss] should not be granted 'unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Secretary of State for Defense v. Trimble, 484 F.3d 700, 705 C.A.4 (Va.), 2007 (quoting Greenhouse v. MCG, 392 F.3d 650, 655 (C.A.4 Va., 2007)). "[O]nce a claim has been stated adequately, it may be supported by any set of facts consistent with the allegations in the complaint." Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1969.

## III. American is using an unforeseen gap in federal law to avoid its responsibilities

The Real Estate Settlement Procedures Act ("RESPA"), under which the Plaintiffs have brought a claim against American, never contemplated or addressed the precise set of circumstances that have been created by the unexpected dissolution of the legal entity known as Option One and the wholesale resumption of Option One's business under a new name, that of American. Plaintiffs are as yet unclear as to the exact relationship between Option One and

American and anticipate enlightening information to be disclosed during the discovery process in this action.

RESPA requires actions by a mortgage servicer upon receipt of a Qualified Written Request including acknowledgement of the request, corrections to the account of the borrower, conducting of an investigation, and providing the borrower with a written explanation of its action or inaction. 12 U.S.C. §2605(e)(2)  A servicer's duties are triggered by the receipt of "a qualified written request from the borrower (or his agent)." 12 U.S.C. §2605(e)(1)(A) Something for which no contingency is provided in RESPA is a change in the mortgage servicer during the period of time in which a servicer is tasked with the responsibilities triggered by a consumer's Qualified Written Request.  RESPA provides servicers with a total of sixty (60) business days ("60 days (excluding legal public holidays, Saturdays, and Sundays) after receipt") within which to fully respond to a consumer's Qualified Written Request.  12 U.S.C. §2605(e)(2) The allowed time period is actually a minimum of 84 calendar days, more if holidays are within the particular time period.  Defendant argues that even though a new servicer may take on all other responsibilities and liabilities of the previous servicer, such as demanding and accepting mortgage loan payments, administering escrow accounts and initiating foreclosure actions, the new servicer is absolved of any requirement or responsibility for satisfying federal statutory liabilities placed on the previous servicer.  This situation is wholly untenable.  While neither Plaintiffs nor their counsel can state with certainty how such a transfer of liability and time frame should be accomplished, both argue that a complete abdication and absolution of responsibility is absurd.  "Our duty to construe statutes so as to avoid constitutional problems does not require us to adopt a construction that renders the statute meaningless or nonsensical." Plyler v. Moore 100 F.3d 365, 370 (C.A.4 (S.C.), 1996).  Adopting the Defendant's argument would do exactly that

and allow less than honorable mortgage servicing businesses to simply shuffle the servicing of a mortgage from one to another every 83 days and forever avoid responding to a consumer's Qualified Written Request otherwise pursuant to RESPA.

**IV.** **American's actions demonstrated acceptance of their responsibilities under RESPA**

The Defendant contends that Plaintiffs' RESPA claim against it, Fourth Claim of Plaintiffs' First Amended Complaint, fails because the Complaint includes no allegation that American was sent a Qualified Written Request ("QWR") upon which it could be in violation. The facts as pled and the actions of the Defendant demonstrate that the Defendant did in fact receive the QWR, accepted the accompanying responsibilities along with all other Option One obligations, and attempted to satisfy the requirements of RESPA for a QWR while failing and refusing to adequately do so.

RESPA requires actions by a mortgage servicer upon receipt of a Qualified Written Request including acknowledgement of the request, corrections to the account of the borrower, conducting of an investigation, and providing the borrower with a written explanation of its action or inaction. 12 U.S.C. §2605(e)(2) A servicer's duties are triggered by the receipt of "a qualified written request from the borrower (or his agent)." 12 U.S.C. §2605(e)(1)(A) The route that a QWR takes in getting to the servicer is not specified in RESPA, only that it must be initiated by a borrower or his agent. American obviously received the Plaintiffs' QWR as evidenced by their inadequate and untimely response, therefore any discussion of the Plaintiffs' failure to send a QWR to the Defendant is moot.

Plaintiffs' First Amended Complaint alleges that a third QWR was sent to Option One on May 29, 2008, and receipt was acknowledged by Option One on June 4, 2008. (First Amended Complaint, ¶¶48-49) Plaintiffs allege having received notice from Option One and American

that American began servicing Plaintiffs' loan on July 1, 2008. (First Amended Complaint, ¶52) The joint notice received by Plaintiffs specified that "your loan number will remain the same" and "[i]f your mortgage payment is currently being drafted from your bank account, AHMSI [American] **will continue drafting your payment the same as [if] it was with Option One**." This is part of the information to be produced during discovery that will assist in determining the relationship between Option One and American. Such identical requirements from American indicate a business arrangement beyond a simple reassignment of servicers. As stated in Paragraph III, above, the exact nature of the change from Option One to American and the legal relationship between them is a matter the Plaintiffs expect to determine through the discovery process in this action. Plaintiffs note for information that all computer inquiries for Option One send the user to American's website.

Plaintiffs then allege that American accepted a payment, refused a second payment, and most significantly, **American responded to Plaintiffs' third QWR to Option One.** (First Amended Complaint, ¶¶ 61-63) This fact alone proves that American both received the QWR and had the responsibility to respond which originally lay with Option One. Defendant's citation to Parker v. Long Beach Mortgage Company, 2006 WL 2868983 (E.D. Pa.), is poor support for its position, as is noted in response to a similar motion to dismiss in Carter v. Countrywide Home Loans, Inc., 2008 WL 4167931 (E.D.Va.). The Court in Carter noted that the Defendant, in citing Parker, "ignores significant facts that distinguish that case from the present one," that "[t]he plaintiffs claimed that because the letter was attached to the Complaint as an exhibit, that the defendant should have been aware of its existence" and "[t]he court's decision to grant the motion to dismiss Plaintiffs' RESPA claim was therefore based on more than just the fact that the letter was addressed to a party other than the defendant." Id. at 8. In this case, the Defendant

knew of the QWR and responded to it, albeit inadequately and untimely, as alleged by the Plaintiffs. (First Amended Complaint, ¶ 63)

## V. Plaintiffs' Defamation Claim is properly pled

"The common law tort of defamation requires proof of the following elements: 1) publication 2) of a false 3) defamatory statement 4) concerning the plaintiff. *Gazette, Inc.*, 229 Va. at 37." Jarrett v. Goldman, 67 Va. Cir. 361, 2005 WL 1323115.

Plaintiffs' Ninth Claim of their First Amended Complaint reflects the uncertainty in the relationship between Option One and American already discussed. The subheading to this claim includes both Defendant parties and the paragraphs reflect an "and/or" alternative. (First Amended Complaint, ¶¶ 98, 100 and 101) The time frame discussed is identified as spanning the exact period when servicing of the Plaintiffs' mortgage loan was changing from Option One to American, a time period when Plaintiffs are not certain which legal entity was performing what tasks. Plaintiffs' First Amended Complaint ¶¶ 55 through 60 allege actions taking place from July 2, 2008, through July 16, 2008, wholly <u>after</u> American took over servicing of Plaintiffs' loan. While Option one is mentioned in ¶¶ 55-60, Plaintiffs' claim in ¶¶ 97-101, includes American as an "and/or" Defendant.

Finally, Plaintiffs properly and fully allege the elements required for a common law defamation claim in Virginia in their First Amended Complaint. Plaintiffs allege publication within the credit reports of each Plaintiff of derogatory information that was false at the time because of RESPA's prohibition of derogatory account reporting during the Qualified Written Request response time period. (First Amended Complaint, ¶¶ 56, 57) Plaintiffs' claim contains factual allegations against American that are adequate to support their claim.

## VI. Conclusion

Defendant's Motion to Dismiss Plaintiffs' claim for violation of the RESPA fails because RESPA assigns liability for action on a consumer's Qualified Written Request to the current loan servicer regardless of its identity, American did in fact receive notice of the Plaintiffs Qualified Written Request and it failed to respond adequately or timely. Defendant's Motion to Dismiss Plaintiffs' claim of Defamation fails because Plaintiffs' First Amended Complaint contains specific factual allegations regarding American to support the claim. Defendant American's Motion must be denied. In the alternative, Plaintiffs move this Honorable Court for leave to Amend their Complaint.

CHARLES CURRY and
KENDRA CURRY

By  /s/
Gary L. Abbott, Esq.
Virginia State Bar #68829
Attorney for Charles and Kendra Curry
Consumer Litigation Associates, PC
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Telephone:    (757) 930-3660
Facsimile:    (757) 930-3662
garyabbott9@msn.com

CERTIFICATE OF SERVICE

   I hereby certify that on this 13th day of February, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Glen Michael Robertson
Wolcott Rivers Gate
One Columbus Center, Suite 100
Virginia Beach, VA 23462
grobertson@wolriv.com

and

David Anthony
Troutman Sanders
1001 Haxall Point
Richmond, VA 23219
david.anthony@troutmansanders.com

                By: _____/s/_____
                Gary L. Abbott, Esq.
                Virginia State Bar #68829
                Attorney for Charles and Kendra Curry
                Consumer Litigation Associates, PC
                12515 Warwick Boulevard, Suite 100
                Newport News, Virginia 23606
                Telephone: (757) 930-3660
                Facsimile: (757) 930-3662
                garyabbott9@msn.com