## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**CHARLES CURRY** and
**KENDRA CURRY**,

      Plaintiffs,

v.
                                   Civil Action No. 3:08cv623
                                   **JURY TRIAL DEMANDED**

**WELLS FARGO BANK**

and

**OPTION ONE MORTGAGE CORPORATION,**

and

**AMERICAN HOME MORTGAGE
SERVICING, INC.,**

and

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

and

**EQUIFAX INFORMATION SERVICES, LLC,**

      Defendants.

## <u>FIRST AMENDED COMPLAINT</u>

COME NOW the Plaintiffs, CHARLES CURRY and KENDRA CURRY (hereinafter the "Plaintiffs"), by counsel, and for their First Amended Complaint against the Defendants, Wells Fargo Bank (hereinafter "Wells Fargo"), Option One Mortgage Corporation (hereinafter "Option One"), American Home Mortgage Servicing, Inc. (hereinafter "American"), Experian Information Solutions, Inc. (hereinafter "Experian"), and Equifax Information Services, LLC (hereinafter "Equifax"), they allege as follows:

1. This action is brought pursuant to the Real Estate Settlement Procedures Act (hereinafter "RESPA"), the Fair Credit Reporting Act (hereinafter "FCRA"), ~~the Fair Debt Collections Practices Act (hereinafter "FDCPA")~~, and the common law tort of defamation.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 12 U.S.C. §2614, 15 U.S.C. §1681(p), ~~15 U.S.C. § 1692k(d),~~ 28 U.S.C. §1367 and 28 U.S.C. §1391.

## PARTIES

3. Plaintiffs are natural persons and at all times relevant hereto were "consumers" as defined and governed by the RESPA, 12 U.S.C. §2601 et seq., the FCRA, 15 U.S.C. §1681 et seq., ~~and the FDCPA 15 U.S.C. §1692 et seq~~.

4. Defendant, Option One, is a foreign corporation authorized to do business in Virginia. At all times relevant hereto it was a "servicer" as defined by the RESPA and a "furnisher" as defined by the FCRA.

4.a. Defendant, Wells Fargo, upon information and belief, is the holder of the mortgage Note for the property at issue in this action, and is the entity for which Option One and American have acted as the loan servicer.

5. Defendant, American, is a foreign corporation authorized to do business in Virginia. At all times relevant hereto it was a "servicer" as defined by the RESPA ~~and a "debt collector" as defined by the FDCPA~~.

6. Defendant, Experian, is a foreign corporation authorized to do business in Virginia. At all times relevant, it was a "consumer reporting agency", as defined in the FCRA.

7.     Defendant, Equifax, is a foreign corporation authorized to do business in Virginia. At all times relevant, it was a "consumer reporting agency", as defined in the FCRA.

**<u>FACTS</u>**

8.     The Plaintiffs are the fee simple owners of the real property and improvements known as 433 Eureka Loop, Newport News, Virginia 23601.

9.     On or about June 30, 1999, the Plaintiffs borrowed upon a Note (the "Note") to Option One, secured by a Deed of Trust upon the property (the "Deed of Trust").

9.a.     Upon information and belief, on or after June 30, 1999, Wells Fargo became the holder of the Note.

10.     On or about 2002, Plaintiffs' became in arrears on their mortgage loan. Wells Fargo and Option One, demanded Plaintiffs pay in excess of $15,000.00 to bring their note current. Despite disputing the amount claimed in arrears, Plaintiffs paid approximately $16,000 to Option One to bring their note current.

11.     On or about May, 2005, Plaintiffs became in arrears on their mortgage loan with Wells Fargo and Option One.

12.     On or about August 30, 2005, Plaintiffs filed a Chapter 13 Bankruptcy Petition in the United States District Court for the Eastern District of Virginia, Newport News Division. Included in their bankruptcy was the loan with Defendants Wells Fargo and Option One for the mortgage on their home.

13.     Wells Fargo and Option One, filed a claim with the Bankruptcy Court claiming the Plaintiffs were in arrears on their mortgage in the amount of $4,839.65, which

amount was included in the Payment Plan filed by the Plaintiffs and approved by the Bankruptcy Court.

14. Under the payment plan filed by the Plaintiffs in the bankruptcy, Plaintiffs were to pay the sum of $4,839.65 to the Defendant and continue making post-petition mortgage payments of $679.42 per month.

15. Subsequent to the filing of Wells Fargo and Option One's Proof of Claim, the Trustee began making pre-petition payments to Option One.

16. On or about June, 2006, Wells Fargo and Option One, claimed that Plaintiffs were in arrears on their post-petition mortgage payments.

17. Upon such alleged default, Wells Fargo and Option One, filed a Notice of Default and Notice of Termination of Automatic Stay alleging that the Plaintiffs were in arrears for the months of March, 2006, through July, 2006, and owed late fees, all totaling the sum of $5,114.74.

18. On or about July 24, 2006, Plaintiffs did pay to Option One the sum of $5,114.74 in accord with the terms of the Consent Order and were told by representatives and/or agents of Option One that their next monthly payment would be due and payable September 1, 2006.

19. Despite the representations of Option One that payments would resume September 1, 2006, Wells Fargo and Option One filed a Second Notice of Default and Notice of Termination of Automatic Stay and Notice of Secured Creditor's Intent to Commence Foreclosure Proceedings stating Plaintiffs were in arrears for the month of August, 2006, in the amount of $679.42 and late charges of $28.46.

20. Plaintiffs did not learn that an August payment was due on the account until September 8, 2006, at which time Plaintiffs immediately wired the money to Option One.

21. Option One rejected the August payment, returned the funds to Plaintiffs and informed Plaintiffs that they would no longer accept payments.

22. Wells Fargo and Option One scheduled a foreclosure of Plaintiffs' home for October 3, 2006.

23. On or about September, 2006, Plaintiffs requested reinstatement figures from the Defendant Option One and its Trustee, Equity Trustees, LLC,

24. On or about September 29, 2006, Plaintiffs were provided with a reinstatement figure of $3,193.96.

25. On or about September 29, 2006, Plaintiffs and Option One entered into an agreement whereby Option One would accept the sum of $2,358.26 to bring Plaintiffs' mortgage current and, if paid, Option One would cancel the foreclosure scheduled for October 3, 2006.   Option One, as part of the agreement, agreed to waive all sums above $1,155.70 that had been charged to Plaintiffs' mortgage account.

26. Plaintiffs did pay $2,358.26 to Option One, as agreed.

27. Option One cancelled the October 3, 2006, foreclosure of Plaintiffs' property, as agreed.

28. Upon information and belief, Option One never credited Plaintiffs' mortgage account for the waived fees pursuant to the settlement agreement and continued to charge Plaintiffs' mortgage note with fees and charges in excess of $1,155.70.

29.     As a direct result of Option One's failure to reverse fees and charges as agreed, Plaintiffs' mortgage account remained in a negative status and continued to amass late charges and other fees on the account.

30.     Upon information and belief, Plaintiffs allege that Option One failed to properly apply the $5,114.74 payment made to Plaintiffs' account on July 24, 2006.

31.     On or about October 10, 2006, Plaintiffs sent a "Qualified Written Request" to Option One, disputing the amount claimed due and owing on the loan, requesting a complete loan history that is easily understood by a consumer, and claiming, among other things, that Plaintiffs' payments had been improperly applied to their account.   In Plaintiffs' Qualified Written Request, Plaintiffs demanded that Option One provide a full accounting of all payments and disbursements made to their loan account with supporting documentation.

32.     Option One did respond to Plaintiffs' Qualified Written Request of October 10, 2007, however, its response was inadequate as it failed to address Plaintiffs' concerns regarding their disputes, and, further, was inadequate in that Option One simply responded to the Qualified Written Request by providing a copy of a loan history that was not in a format that is easily understood by a consumer.

33.     On or about October, 2007, Plaintiffs notified Defendant Option One that they were unable to make their October payment and advised Option One that they were prepared to make two payments in November, 2007.

34.     Defendant Option One advised Plaintiffs that it was acceptable to Option One that Plaintiffs make the October, 2007, payment in November, 2007.

35. Plaintiffs made a payment on November 15, 2007, which payment was accepted by Option One and recorded on Plaintiffs' account on November 16, 2007.

36. Plaintiffs attempted to make the second payment on or about November 29, 2007, however, Option One rejected the payment and informed the Plaintiffs that they were in arrears for August, September, October, and November 2007 payments.

37. On or about December 3, 2007, Wells Fargo and Option One filed a Notice of Default with the Bankruptcy Court erroneously claiming that Plaintiffs had not made payments for the months of August, September, October, November and December, 2007, in the amount of $3,397.10 and claiming $113.84 in late charges and a suspense balance of a negative $248.30, for a total arrearage of $3,759.24.

38. In December, 2007, Option One sent Plaintiffs a Notice of Foreclosure on their home which foreclosure was scheduled for January 9, 2008.

39. On or about December 10, 2007, Plaintiffs, by counsel, requested the Trustee to provide reinstatement figures on Plaintiffs' loan. The Trustee provided a reinstatement figure of $7,983.92, which figure was good through December 16, 2007, however, the information provided to Plaintiffs and their counsel did not provide any breakdown of the fees and charges assessed to Plaintiffs and the Trustee did not provide any breakdown of the fees and charges assessed to Plaintiffs' loan to determine how Option One arrived at the reinstatement figure so that Plaintiffs and their counsel could determine the legitimacy of the amount claimed due and owing.

40. On January 2, 2008, Option One informed the Plaintiffs that the amount to reinstate their loan was $13,800.00.

41.     On or about January 5, 2008, Plaintiffs sent a second Qualified Written Request to Wells Fargo and Option One, disputing the amount claimed due and owing on the loan, requesting a complete loan history that is easily understood by a consumer, and claiming, among other things, that Plaintiffs' payments had been improperly applied to their account.   In Plaintiffs' second Qualified Written Request, Plaintiffs demanded that Wells Fargo and Option One provide, by way of example only and not limited to, a full accounting of all payments and disbursements made to their loan account with supporting documentation.

42.     Option One voluntarily cancelled the foreclosure sale scheduled for January 9, 2008.

43.     On or about April 10, 2008, Option One responded to Plaintiffs' Second Qualified Written Request, however, its response was inadequate as it failed to address Plaintiffs' concerns regarding their disputes, and, further, was inadequate in that Option One simply responded by forwarding to the Plaintiffs a 69 page payment history, copy of the note, copy of the deed of trust, and a monetary transaction codes list, not in a format that is easily understood by a consumer.

43. a.  Wells Fargo failed and refused and continues to fail and refuse to fully respond to the Plaintiffs' Second Qualified Written Request.

44.     Option One's April 10, 2008, response to Plaintiffs' January 5, 2008, Qualified Written Request was inadequate as it failed to address Plaintiffs' concerns regarding their disputes, and, further, was inadequate in that Option One simply responded to the Qualified Written Request by providing a copy of a loan history that was not in a format that is easily understood by a consumer.

45.	On or about May 7, 2008, Option One, by and through its agent, Equity Trustees, LLC, notified Plaintiffs that it intended to conduct a foreclosure sale of Plaintiffs' property on May 28, 2008, at 11:00 o'clock a.m.

46.	On or about May 23, 2008, Plaintiffs, by counsel, filed in state court a Motion for Preliminary Injunction and Temporary Restraining Order.

47.	On or about May 28, 2008, Plaintiffs and Option One were Ordered by the Circuit Court for the City of Newport News, Virginia:

	a)	to stay the foreclosure sale of Plaintiffs' property;

	b)	that Plaintiffs would pay the sum of $4,500.00 to Option One, said amount to be credited to Plaintiffs' mortgage account;

	c)	that Plaintiffs would commence and continue timely monthly mortgage payments of $679.42 to Option One;

	d)	that Plaintiffs would commence and continue monthly payments of $250.00 into their attorney's trust account as additional security for Option One; and

	e)	that on or before 5:00 p.m., June 28, 2008, Option One would provide to Plaintiffs' counsel a detailed accounting of Plaintiffs' mortgage loan in a manner and form that is easily understandable by a consumer.

48.	On or about May 29, 2008, Plaintiffs sent a Third Qualified Written Request to Option One, acknowledging Option One's response to their Second Qualified Written Request but advising them that it was inadequate, disputing the amount claimed due and owing on the loan, requesting a complete loan history that is easily understood by a consumer, and claiming, among other things, that Plaintiffs' payments had been improperly applied to their account.   In Plaintiffs' Third

Qualified Written Request, Plaintiffs demanded, by way of example only and not limited to, that Option One provide a full accounting of all payments and charges made to their loan account with supporting documentation.

49.     On or about June 4, 2008, Option One advised the Plaintiffs by letter that Option One had received Plaintiffs' Third Qualified Written Request and was preparing a response.

50.     On or about June 6, 2008, Plaintiffs obtained copies of their respective Equifax, Experian, and TransUnion credit reports. Within each of them, the credit reporting agency was reporting that the Plaintiffs had a derogatory payment history that reflected late payments on the Option One account (the "Option One Representation").

51.     The Option One representation was false and inaccurate in that Plaintiffs were disputing the amount owed on the account and Option One was not allowed to report derogatorily during the Qualified Written Request investigation and response time period.

51.a.     Upon information and belief, Defendants Wells Fargo and Option One never removed the derogatory payment history from Plaintiffs' credit report after June 4, 2008.

52.     On or about June 11, 2008, Option One advised the Plaintiffs by letter that beginning July 1, 2008, the servicing of their mortgage account would be transferred to Defendant American.

53.     On or about June 12, 2008, Option One rejected the Plaintiffs' mortgage payment of $679.42, in direct violation of the Court Order of May 28, 2008, entered by the

Circuit Court for the City of Newport News, Virginia, as insufficient to cure an alleged default on their mortgage loan.

54.     Option One failed and continues to fail to respond to Plaintiffs' Qualified Written Request of May 28, 2008, in direct violation of the Court Order of May 28, 2008, entered by the Circuit Court for the City of Newport News, Virginia.

55.     On or about July 2, 2008, Plaintiffs contacted Equifax, Experian, and TransUnion and demanded that they each investigate and correct the Option One representation.

56.     On or about July 8 – 16, 2008, Option One reported to Equifax and Experian that the information in the account was correct as shown or that the account was otherwise in an adverse reporting status.   The Option One reporting caused additional publications of the false representation.

57.     The Option One reporting was made while it was not allowed to report derogatorily during the Qualified Written Request investigation and response time period.

58.     Equifax and Experian failed to conduct a proper investigation of the Plaintiffs' disputes, failed to provide Option One with all relevant information to make the corrections and failed to follow reasonable procedures to assure accuracy of information in the Plaintiffs' credit files and credit reports.

59.     After receiving notice of the Plaintiffs' disputes and the inaccuracy of the information that was contained within the Plaintiffs' credit files, Experian and Equifax published multiple consumer reports pertaining to the Plaintiffs which were inaccurate.

60.   When notified of the Plaintiffs' disputes, Equifax, Experian and Option One failed and refused to conduct a lawful investigation of same, and continued to report inaccurate information within Plaintiffs' credit files.

61.   On or about July 10, 2008, Plaintiffs' made a payment of $679.42 to American, a payment which was accepted.

62.   On or about August 11, 2008, Plaintiffs tendered payment of $679.42 to American by electronic means and said tender was not accepted.

63.   On or about August 26, 2008, American responded to Plaintiffs' Third Qualified Written Request sent to Option One, specifically refusing to respond to Plaintiffs' inquiries numbered 1 through 12.   American's response was untimely and inadequate.

### FIRST CLAIM: VIOLATION OF RESPA
(as to Option One re the first Qualified Written Request)

64.   Plaintiffs reiterate and incorporate the allegations contained in paragraphs 1 through 63 above as if fully set out herein.

65.   Option One willfully violated the RESPA in one or more of the following ways, by example only and without limitation:

a.   By failing to acknowledge receipt of and to respond to the Plaintiffs' Qualified Written Request of October 10, 2006, in the time and manner required by the RESPA (12 U.S.C. §2605(e)(1)(A) and (e)(2));

b.   By failing to make appropriate corrections in the Plaintiffs' account and transmit written notification of such correction to the Plaintiffs (12 U.S.C. §2605(e)(2)(A));

c.  By failing to provide the Plaintiffs with a written explanation or clarification that includes a statement of the reasons that Option One believed the Plaintiffs' account to be correct and the name and telephone number of an individual employed by Option One who could provide assistance to the Plaintiffs (12 U.S.C. §2605(e)(2)(B));

d.  By failing to provide the Plaintiffs with a written explanation or clarification that included the information requested by the Plaintiffs or an explanation of why the information requested was unavailable or could not be obtained by Option One and the name and telephone number of an individual employed by Option One who could provide assistance to the Plaintiffs (12 U.S.C. §2605(e)(2)(C)); and

e.  By providing information regarding any overdue payment owed by the Plaintiffs and relating to the period described in the Qualified Written Request to a consumer reporting agency during the 60 day period which began on the date of Option One's receipt of the Qualified Written Request. (12 U.S.C. §2605(e)(3)).

66.  As a result of the aforesaid violations of RESPA, Option One is liable to Plaintiffs for:

a.  Actual damages in an amount to be determined at trial;

b.  Additional statutory damages in the amount of $1,000.00 pursuant to 12 U.S.C. §2605(f)(1)(B);

c.  Other actual damages, including economic damages, emotional and mental distress, frustration, humiliation, and damage to their reputation; and

      d.      Reasonable attorney's fees and the costs of litigation.

**SECOND CLAIM: VIOLATION OF RESPA**
(as to Wells Fargo and Option One re the second Qualified Written Request)

67.      Plaintiffs reiterate and incorporate the allegations contained in paragraphs 1 through 66 above as if fully set out herein.

68.      Wells Fargo and Option One willfully violated the RESPA in one or more of the following ways, by example only and without limitation:

      a.      By failing to acknowledge receipt of and to respond to the Plaintiffs' Qualified Written Request of January 5, 2008, in the time and manner required by the RESPA (12 U.S.C. §2605(e)(1)(A) and (e)(2));

      b.      By failing to make appropriate corrections in the Plaintiffs' account and transmit written notification of such correction to the Plaintiffs (12 U.S.C. §2605(e)(2)(A));

      c.      By failing to provide the Plaintiffs with a written explanation or clarification that includes a statement of the reasons that Wells Fargo and Option One believed the Plaintiffs' account to be correct and the name and telephone number of an individual employed by Wells Fargo and Option One who could provide assistance to the Plaintiffs (12 U.S.C. §2605(e)(2)(B));

      d.      By failing to provide the Plaintiffs with a written explanation or clarification that included the information requested by the Plaintiffs or an explanation of why the information requested was unavailable or could not be obtained by Wells Fargo and Option One and the name and telephone

number of an individual employed by Wells Fargo and Option One who could provide assistance to the Plaintiffs (12 U.S.C. §2605(e)(2)(C)); and

e. By providing information regarding any overdue payment owed by the Plaintiffs and relating to the period described in the Qualified Written Request to a consumer reporting agency during the 60 day period which began on the date of Wells Fargo and Option One's receipt of the Qualified Written Request. (12 U.S.C. §2605(e)(3)).

69. As a result of the aforesaid violations of RESPA, Wells Fargo and Option One are liable to Plaintiffs for:

a. Actual damages in an amount to be determined at trial.

b. Additional statutory damages in the amount of $1,000.00 pursuant to 12 U.S.C. §2605(f)(1)(B);

c. Other actual damages, including economic damages, emotional and mental distress, frustration, humiliation, and damage to their reputation; and

d. Reasonable attorney's fees and the costs of litigation.

### THIRD CLAIM: VIOLATION OF RESPA
(as to Option One only)

70. Plaintiffs reiterate and incorporate the allegations contained in paragraphs 1 through 69 above as if fully set out herein.

71. Pursuant to the terms of the agreement entered into between Plaintiffs and Option One on September 29, 2006, the Plaintiffs' mortgage loan with Option One was reinstated and otherwise became current.

72. Pursuant to Regulation X of 12 U.S.C. §3500.17(i)(2), Option One was required to provide a history of the escrow account since the last annual statement within 90 days of the date the account became current.

73. Option One failed to provide Plaintiffs with a history of the escrow account within 90 days of September 29, 2006, in violation of Regulation X of the RESPA.

74. As a result of the aforesaid violations of RESPA, Option One is liable to Plaintiffs for:

    a.    Actual damages in an amount to be determined at trial.

    b.    Additional statutory damages in the amount of $1,000.00 pursuant to 12 U.S.C. §2605(f)(1)(B);

    c.    Other actual damages, including economic damages, emotional and mental distress, frustration, humiliation, and damage to their reputation; and

    d.    Reasonable attorney's fees and the costs of litigation.

**FOURTH CLAIM: VIOLATION OF RESPA**
(as to Option One and American re the third Qualified Written Request)

75. Plaintiffs reiterate and incorporate the allegations contained in paragraphs 1 through 74 above as if fully set out herein.

76. Option One and American willfully violated the RESPA in one or more of the following ways, by example only and without limitation:

    a.    By failing to acknowledge receipt of and to respond to the Plaintiffs' Qualified Written Request of May 28, 2008, in the time and manner required by the RESPA (12 U.S.C. §2605(e)(1)(A) and (e)(2));

b. By failing to make appropriate corrections in the Plaintiffs' account and transmit written notification of such correction to the Plaintiffs (12 U.S.C. §2605(e)(2)(A));

c. By failing to provide the Plaintiffs with a written explanation or clarification that includes a statement of the reasons that Option One and American believed the Plaintiffs' account to be correct and the name and telephone number of an individual employed by Option One and American who could provide assistance to the Plaintiffs (12 U.S.C. §2605(e)(2)(B));

d. By failing to provide the Plaintiffs with a written explanation or clarification that included the information requested by the Plaintiffs or an explanation of why the information requested was unavailable or could not be obtained by Option One and American and the name and telephone number of an individual employed by Option One and American who could provide assistance to the Plaintiffs (12 U.S.C. §2605(e)(2)(C)); and

e. By providing information regarding any overdue payment owed by the Plaintiffs and relating to the period described in the Qualified Written Request to a consumer reporting agency during the 60 day period which began on the date of Option One's receipt of the Qualified Written Request. (12 U.S.C. §2605(e)(3)).

77. As a result of the aforesaid violations of RESPA, Option One and American are liable to Plaintiffs for:

a. Actual damages in an amount to be determined at trial;

b.    Additional statutory damages in the amount of $1,000.00 pursuant to 12 U.S.C. §2605(f)(1)(B);

c.    Other actual damages, including economical damages, emotional and mental distress, frustration, humiliation, and damage to their reputation; and

d.    Reasonable attorney's fees and the costs of litigation.

### FIFTH CLAIM: Violation of FCRA
(as to Option One)

78.   Plaintiffs reiterate and incorporate the allegations contained in paragraphs 1 through 77 above as if fully set out herein.

79.   Option One violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by:

a)    publishing the representation within Plaintiffs' credit file with Equifax, Experian, and Trans Union without also including a notation that this debt was disputed;

b)    failing to fully and properly investigate the Plaintiffs' dispute of the representations;

c)    failing to review all relevant information regarding the account; and

d)    failing to correctly report results of an accurate investigation to each credit reporting agency.

80.   As a result of this conduct, action and inaction of Option One, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, humiliation and embarrassment.

81.   Option One's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

§1681n.   In the alternative, it was negligent, entitling the Plaintiff to recover pursuant to 15 U.S.C. §1681o.

82.    The Plaintiffs are entitled to recover costs and attorney's fees from the Defendant, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

## SIXTH CLAIM: VIOLATION OF FCRA
(as to Experian and Equifax)

83.    Plaintiffs reiterate and incorporate the allegations contained in paragraphs 1 through 82 above as if fully set out herein.

84.    Experian and Equifax violated 15 U.S.C. §1681e(b) by failing to establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports they prepared and published concerning the Plaintiffs.

85.    As a result of this conduct, action and inaction of Experian and Equifax, the Plaintiffs suffered damage in many ways, including by example only and without limitation, by credit damage, loss of the ability to purchase and benefit from credit, mental and emotional pain and anguish, and humiliation and embarrassment.

86.    The conduct, action and inaction of Experian and Equifax was willful, rendering each Defendant liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.   In the alternative, each Defendant was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. §1681o.

87.     The Plaintiffs are entitled to recover costs and attorney's fees from Experian and
        Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n
        and 1681o.

**SEVENTH CLAIM: VIOLATION OF FCRA**
(as to Experian and Equifax)

88.     Plaintiffs reiterate and incorporate the allegations contained in paragraphs 1
        through 87 above as if fully set out herein.

89.     Experian and Equifax each violated 15 U.S.C. §1681i on multiple occasions,
        including by example only and without limitation, by failing to delete inaccurate
        information in the Plaintiffs' credit files after receiving actual notice of such
        inaccuracies and the Plaintiffs' request for a reinvestigation; by failing to forward
        to Option One and/or American all relevant information; and by failing to provide
        complete copies of the contents of the Plaintiffs' credit file after the reinvestigation
        changes were made.

90.     As a result of this conduct, action and inaction of Experian and Equifax, the
        Plaintiffs suffered damage in many ways, including by example only and without
        limitation, by credit damage, loss of the ability to purchase and benefit from credit,
        mental and emotional pain and anguish, and humiliation and embarrassment.

91.     The conduct, action and inaction of Experian and Equifax was willful, rendering
        each Defendant liable for actual, statutory and punitive damages in an amount to be
        determined by the Court pursuant to 15 U.S.C. §1681n.   In the alternative, each
        Defendant was negligent entitling the Plaintiffs to recover actual damages under 15
        U.S.C. §1681o.

92.     The Plaintiffs are entitled to recover costs and attorney's fees from Experian and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

### EIGHTH CLAIM: VIOLATION OF FDCPA
(as to American)

93.     (Deleted)

94.     (Deleted)

95.     (Deleted)

96.     (Deleted)

### NINTH CLAIM: DEFAMATION
(as to Option One and American)

97.     Plaintiffs reiterate and incorporate the allegations contained in paragraphs 1 through 96 above as if fully set out herein.

98.     Option One and/or American published the false representation to Equifax, Experian, and Trans Union and through them to all of Plaintiffs' potential lenders on multiple occasions, including but not limited to the Option One and/or American response to Equifax and Experian published and alleged herein (the "Defamation").

99.     The Defamation was willful. The Defendants did not have any reasonable basis to believe that the Plaintiffs were late on the account reported in the representation.

100.    As a result of this conduct, action and inaction of Option One and/or American, the Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

101.    The Defamation, conduct and actions of Option One and/or American were willful,

deliberate, intentional and/or with reckless disregard for the interests and rights of

Plaintiff such as to justify an award of punitive damages against the Defendants in

an amount to be determined by the Court.

WHEREFORE your Plaintiffs demand judgment for compensatory, statutory, and punitive

damages against the Defendants; for their attorney's fees and costs; for pre-judgment and

post-judgment interest at the legal rate, and such other relief the Court deems just, equitable and

proper.

**TRIAL BY JURY IS DEMANDED**.

CHARLES CURRY and
KENDRA CURRY


By _____/s/_____
Gary L. Abbott, Esq.
Virginia State Bar #68829
Attorney for Charles and Kendra Curry
Consumer Litigation Associates, PC
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Telephone:     (757) 930-3660
Facsimile:     (757) 930-3662
garyabbott9@msn.com


<u>CERTIFICATE OF SERVICE</u>


I hereby certify that on this 22th day of December, 2008, I will electronically file the
foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of
such filing (NEF) to the following:

Glen Michael Robertson

Wolcott Rivers Gate
One Columbus Center, Suite 100
Virginia Beach, VA 23462
grobertson@wolriv.com

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd, Suite A-1
Richmond, VA 23230
jmontgomery@jwm-law.com

David Anthony
Troutman Sanders
1001 Haxall Point
Richmond, VA 23219
david.anthony@troutmansanders.com

_____/s/_____
Gary L. Abbott, Esq.
Virginia State Bar #68829
Attorney for Charles and Kendra Curry
Consumer Litigation Associates, PC
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Telephone:     (757) 930-3660
Facsimile:      (757) 930-3662
garyabbott9@msn.com